**GILL, Plaintiff-Appellee, v. GILL, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4180.   Decided December 6, 1948.

Coughlin, Ogier & Lloyd, Columbus, for plaintiff-appellee.
H. P. Fagan, W. C. Egelhoff, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.
The appeal on questions of law is from a judgment of the trial court, dismissing defendant's petition to vacate divorce decree and alimony order upon the sustaining of a demurrer to the petition.

The germane facts are that plaintiff instituted her action for divorce on the ground of gross neglect of duty and prayed that a separation agreement entered into by the parties be approved and confirmed. The petition averred the marriage of the parties on August 17, 1929 and the birth of one child but did not allege that the marriage was subsisting at the time of the filing of the petition. Defendant answered and admitted

the averments of the petition as to residence, marriage and birth of child, as therein alleged, and denied each and every other allegation and prayed for dismissal of the petition.

The cause came on for trial, defendant not appearing, and a decree of divorce on the grounds averred was awarded to the plaintiff, together with approval, confirmation and adoption of the separation agreement between the parties and an order for the payment by the defendant of a sum of money due under the terms of said agreement. The decree, following the usual form, among other things adjudged that the marriage contract heretofore existing between the parties be and the same is hereby dissolved, etc. The separation agreement set up in the petition and adopted in the judgment entry recites at the very beginning thereof that the parties are husband and wife and thereafter throughout the instrument they are so designated and it was signed by the parties.

The petition to vacate, filed long after term, was given the same number as the original divorce case and filed therein and averred that the former judgment and order should be vacated because it was obtained by "fraud and misrepresentation practiced by the plaintiff in her claim that the marriage of the parties of date, August 17, 1929, was a valid and existing marriage at the time of the filing of her petition and the rendition of said judgment or order, when in fact, as plaintiff well knew, and the records of this Court show, said marriage had heretofore been dissolved on July 30, 1934, by this Court in case No. 9966; that at the time of filing the petition in this cause, and the rendition of the judgment and order thereon, the plaintiff and defendant were not husband and wife". To this petition, plaintiff demurred on the ground that it does not constitute a cause of action and that the allegations thereof plead no facts upon which the Court could grant the relief requested. This demurrer was sustained by the trial judge in a short opinion grounded substantially upon the proposition that at no time during the divorce proceedings did the defendant deny the marriage but in fact in his answer admitted it as alleged.

From the facts heretofore stated, it appears that, although the defendant did admit the marriage as pleaded, the petition did not aver that the marriage relation was subsisting at the time that it was filed. Of course, such averment is implied by the general purport of the petition in conjunction with the prayer that the marriage relation between the parties be dissolved. The Court in its divorce decree made the necessary and appropriate adjudication that the marriage relation

existing between the parties was dissolved. However, it may not be said that upon the pleadings the defendant has made any admission respecting the subsisting marital relationship which would estop him in his petition to vacate to deny the fact.

The separation agreement was evidence to support the claim that the defendant recognized the marital relation as subsisting at the time that it was entered into. All of this would have been appropriate when the petition to vacate came on for determination under §11637 GC, at which time the Court would be required before suspending the judgment to adjudge that there is a valid defense to the action in which the judgment was rendered.

At this juncture, it should be noted that there is no question of public policy involved here because if the defendant's claim is true the granting of the petition to vacate, and the setting aside of the judgment, upon the only ground upon which the relief could be predicated would leave the original decree of divorce between the parties effective. Then, too, there is involved here an order for alimony.

Had the trial judge accorded to the defendant his full rights under §11637 GC, we would have another and a different question on this appeal. However, we cannot find that the defendant is estopped from instituting his action to set aside the order and decree by any admission made in his action thereto set up in his petition and the petition, if true, states a defense to plaintiff's cause of action. If the averments in the petition are true, and they must be so regarded on demurrer, the Court was without jurisdiction to enter the divorce decree, §11986 GC, and likewise the separation agreement, §8000 GC, was without effect for the manifest reason that a marital status is the sine qua non for either. The Court should not have adjudicated against the defendant upon the demurrer. The demurrer should be overruled and the matter should be set down upon the petition to vacate and adjudication made by the Court under §11637 GC.

We make no comment as to the proper procedure incident to the filing and consideration of the petition to vacate, as the question is not raised on this appeal. The judgment will be reversed and cause remanded for further proceedings according to law.

WISEMAN, PJ, and MILLER, J, concur.